IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,194-01






EX PARTE RONALD DALE BARNETT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 19150-A IN THE 336
TH DISTRICT COURT


FROM FANNIN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and burglary of a habitation. He was sentenced to imprisonment for two terms of fifty years. The
Sixth Court of Appeals affirmed his convictions. Barnett v. State, No. 06-00-00107-CR (Tex.
App.-Texarkana, delivered August 3, 2001, no pet.). 

 Applicant contends, among other things, that counsel was ineffective for not calling alibi
witnesses to testify at trial. On April 5, 2006, we remanded the application for findings of fact. On
remand, counsel stated in a sworn affidavit that alibi witnesses were available to testify, but he
decided for "various reasons" not to call the witnesses. The trial court entered findings of fact that
counsel's reasons for not calling the witnesses were "soundly based on legal and tactical trial
decisions." We believe, however, that the trial court's findings are not sufficient to resolve
Applicant's ineffective assistance of counsel claim. Accordingly, the trial court shall provide
Applicant's trial counsel with an additional opportunity to respond to Applicant's claim of
ineffective assistance of counsel. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant.
Specifically, the trial court shall make findings of fact as to counsel's particular reasons for not
calling the witnesses, whether such reasons were reasonable trial strategy and, if not, whether
Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: December 6, 2006

Do not publish